1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JUAN MANUEL GARCIA,                          No.  2:23-cv-0744 KJM AC P

12                       Petitioner,

13          v.                                      FINDINGS & RECOMMENDATIONS

14    TRENT ALLEN, et al.,

15                       Respondents.

16

17          Petitioner, a state prisoner proceeding through counsel, has filed a petition for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254.  Currently pending before the court is respondent's

19    motion to dismiss the petition as untimely.  ECF No. 7.

20    I.      Factual and Procedural Background

21          A.      Conviction and Sentence

22          Petitioner was convicted of first-degree felony murder and robbery, and a robbery-murder

23    special circumstance was found true.  ECF No. 1 at 9.  On January 8, 2026, petitioner was

24    sentenced to a state prison term of twenty-eight years to life.  Id.

25          B.      Direct Review

26          Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate

27    District, which conditionally reversed his convictions and sentence on June 27, 2019.  ECF No. 9-

28    2.  On remand, petitioner had the option to have the matter transferred to the juvenile court for a

Proposition 57 transfer hearing[1] and <u>Franklin</u> proceedings.[2]  <u>Id.</u> at 95.  Petitioner filed a petition for rehearing (ECF No. 9-3) and on July 19, 2019, the appellate court denied the petition and modified the opinion but not the judgment (ECF No. 9-4).  Petitioner then filed a petition for review in the California Supreme Court (ECF No. 9-5), which was denied on October 9, 2019 (ECF No. 9-6).  The remand proceedings concluded after the supreme court's denial of review.  ECF No. 9-7.

On January 20, 2022, the superior court resentenced petitioner and held a <u>Franklin</u> hearing.  ECF No. 9-7.  The abstract of judgment was filed January 24, 2022.  ECF No. 9-8.  Petitioner did not appeal the judgment on remand.  ECF No. 1 at 9.

        C.      <u>State Collateral Review</u>

Petitioner did not file any petitions for state collateral review.

        D.      <u>Federal Petition</u>

The instant petition was filed on April 19, 2023.  ECF No. 1.

II.      <u>Motion to Dismiss</u>

Respondent argues that the petition should be dismissed because it is untimely, as it was filed beyond the one-year statute of limitations.  ECF No. 7.  Petitioner opposes the motion to dismiss, conceding that the petition is untimely but arguing that the court should excuse the late filing, which was caused by counsel's miscalculation of the applicable deadline.  ECF No. 15.

III.      <u>Statute of Limitations</u>

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court.  The one-year clock commences from one of several alternative triggering dates.  28 U.S.C. § 2244(d)(1).  In this case the applicable date is

---

[1]  Proposition 57 created an amendment to the California Constitution that created an additional avenue for parole consideration and altered the process for charging minors in criminal court. 2016 Cal. Legis. Serv. Prop. 57 (West); Cal. Const. art. I, § 32; Cal. Welf. & Inst. Code §§ 604, 707.  Under Proposition 57, a juvenile could only be tried and sentenced as an adult if the juvenile court, after conducting a "transfer hearing," determined the matter should be transferred to adult court.  <u>People v. Superior Court</u> (<u>Lara</u>), 4 Cal. 5th 299, 303 (2018).

[2]  Under <u>People v. Franklin</u>, 63 Cal. 4th 261 (2016), a prisoner may make a record of information relevant to his eventual youth offender parole hearing.

1    that "on which the judgment became final by the conclusion of direct review or the expiration of

2    the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

3         Though the parties dispute the exact number of days the petition was filed after the statute

4    of limitations expired, they ultimately agree that the petition is untimely by approximately one

5    month.[3]  ECF No. 7 at 3 (asserting statute of limitations expired on March 21, 2023); ECF No. 15

6    at 6 (asserting statute of limitations expired on March 25, 2023).  The four-day difference in the

7    parties' calculations is ultimately immaterial, since petitioner is not entitled to tolling for the

8    reasons explained below.

9         Because petitioner did not file any state collateral actions, he is not entitled to any period

10   of statutory tolling.  See 28 U.S.C. § 2244(d)(2) (providing that statute of limitations is tolled

11   during pendency of properly-filed applications for state collateral relief).

12        Because the federal petition was filed on April 19, 2023, approximately one month after

13   expiration of the limitations period, it can only be saved from dismissal for untimeliness if

14   petitioner is entitled to equitable tolling.  Petitioner argues that the court should apply the

15   balancing test set forth in Pincay v. Andrews, 389 F.3d 853 (9th Cir. 2004) (en banc), and find

16   that the late filing of the petition is excused.  ECF No. 15 at 8-17.  Pincay, however, did not

17   involve a statute of limitations.  It was not a habeas case and did not deal with equitable tolling

18   under the habeas statute.  Both Pincay and the Supreme Court precedent that it applied—Pioneer

19   Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993)—involved filing deadlines

20   deadlines which courts may extend upon a finding of excusable neglect.  See Pincay, 389 F.3d

21   853 (finding excusable neglect for late filing of a notice of appeal under Fed. R. App. P.

22   4(a)(1)(A); Pioneer, 507 U.S. 380 (finding excusable neglect in bankruptcy case where creditor

23   missed bar date for filing proof of claim).  This case involves a statute of limitations, and a late

24

25   _____

     [3]  The parties disagree as to whether the statute of limitations began to run sixty days from the
     oral pronouncement of judgment or the filing of the abstract of judgment.  Respondent is correct
26   that the one-year period began to run sixty days after the oral pronouncement of judgment.  See
     Cal. R. Ct. 8.308(a) (an appeal of a criminal conviction "must be filed within 60 days after the
27   rendition of the judgment or the making of the order being appealed"); People v. Mesa, 14 Cal. 3d
     466, 472 (1975) ("'Rendition of judgment is an oral pronouncement.' . . . 'The abstract of
28   judgment is not the judgment of conviction.'" (citation omitted)).

filing can only be excused if petitioner is entitled to equitable tolling, which does not extend to claims of excusable neglect.  Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96 (1990) ("the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect").

Equitable tolling in the habeas corpus context requires a showing "(1) that [petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Equitable tolling is only appropriate if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)).  The petitioner bears the burden of demonstrating that equitable tolling is warranted.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner does not address whether he has been diligent in pursuing his rights, but even if he had, equitable tolling would not be warranted because he has not shown that some extraordinary circumstance beyond his control stood in his way.  Petitioner's only explanation for his untimeliness is that retained habeas counsel mistakenly calculated the deadline for filing a federal petition based on the ninety-day deadline to file a petition for certiorari in the United States Supreme Court after a decision by the California Supreme Court, rather than the sixty days for appealing a superior court decision to the appellate court.  ECF No. 15 at 6-7.

Although facts establishing "extraordinary" or "egregious" attorney misconduct may support equitable tolling, Holland v. Florida, 560 U.S. 631, 652-54 (2010) (allegations of dereliction amounting to client abandonment); Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003) (same), both the United States Supreme Court and the Ninth Circuit have repeatedly held that attorney negligence, including misunderstanding of the AEDPA's requirements or miscalculation of the deadline, does not support equitable tolling, Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (holding that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (attorney negligence in miscalculating limitations period does not warrant equitable tolling); Miranda v. Castro, 292 F.3d

4

1063, 1068 (9th Cir. 2002) (attorney provision of misinformation about deadline does not warrant equitable tolling); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) ("[a]ttorney negligence, including a miscalculation of a filing deadline, is not a sufficient basis for applying equitable tolling" (citations omitted)).  Therefore, while counsel freely admits his failure to perform competently regarding the statute of limitations, a legal error about operation of the limitations rules is the only attorney "misconduct" at issue here.  Because this error amounts to negligence, and not abandonment or an equivalent level of egregious misconduct, it is insufficient as a matter of law to support equitable tolling.  See Irwin, 498 U.S. at 96; Frye, 273 F.3d at 1146; Miranda, 292 F.3d at 1068; Porter, 620 F.3d at 959.

IV.    Conclusion

If this case involved a deadline that the court had the discretion to extend, it would do so on grounds of excusable neglect.  However, contrary to petitioner's assertion, that is not the standard which applies here.  Petitioner did not miss a court-imposed filing deadline, but a statute of limitations.  The court has no authority to excuse such lateness.  For the reasons explained above, petitioner has not established that extraordinary circumstances caused the late filing and the petition must be dismissed as untimely.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 7) be GRANTED; and

2.  Petitioner's application for a writ of habeas corpus be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability

5

1   should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules

2   Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it

3   enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the

4   applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

5   § 2253(c)(2).

6   DATED: August 23, 2024

7

8   ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28