UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL GARCIA,<br><br>                    Petitioner,<br><br>        v.<br><br>TRENT ALLEN, et al.,<br><br>                    Respondents. | No. 2:23-cv-00744-DC-AC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 7, 18) |

Petitioner Juan Manuel Garcia, a state prisoner proceeding through counsel, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 26, 2024, the magistrate judge filed findings and recommendations recommending that Respondents' motion to dismiss be granted and the petition be dismissed as untimely. (Doc. No. 18.) Specifically, the magistrate judge found the petition was filed outside the applicable statute of limitations, and Petitioner was not entitled to statutory or equitable tolling. (*Id*. at 3–5.) Further, the magistrate judge rejected Petitioner's argument that the court should apply the balancing test set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380 (1993) and *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc), and find the late-filed petition excused because neither of those cases involved a statute of limitations. (*Id*. at 3–4.)

1

The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id*. at 5.) After receiving an extension of time, on January 3, 2025, Petitioner timely filed objections to the findings and recommendations. (Doc. No. 28.)

In his objections, Petitioner argues the findings and recommendations failed to address *Washington v. Ryan*, 833 F.3d 1087 (9th Cir. 2016), the "closest case" applying the *Pincay-Pioneer* balancing test to a late-filed federal petition. (*Id*. at 8.) Petitioner's objection is not well taken because *Washington* is distinguishable from this case. In *Washington*, the court found that Federal Rule of Civil Procedure 60(b)(1) could provide a basis for relief from an untimely notice of appeal after applying the balancing test in *Pioneer*. 833 F.3d at 1097–99. The court explained that in exceptional cases, the "district court's traditional authority" and Rule 60(b) provide district courts the authority to vacate and reenter a judgment to restore the opportunity to appeal. *Id*. at 1092–97.

In contrast to *Washington*, this case involves the statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). As the magistrate judge correctly noted, equitable tolling of AEDPA's statute of limitations is permitted only if the federal petitioner shows "(1) that [petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." (Doc. No. 18 at 4) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The court finds no basis to apply the *Pincay-Pioneer* balancing test to toll the AEDPA's statute of limitations. Indeed, Petitioner notes "[t]here is no published Ninth Circuit decision applying the *Pincay-Pioneer* excusable neglect factors to toll the AEDPA statute of limitations." (Doc. No. 28 at 10.) Therefore, Petitioner's objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Having found that Petitioner is not entitled to habeas relief, the court now turns to whether

2

a certificate of appealability should issue. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In his objections, Petitioner contends the law is undecided in this circuit on whether the *Pincay-Pioneer* balancing test applies to toll the AEDPA statute of limitations, and the issue is "debatable among jurists of reason." (Doc. No. 28 at 11.) The court disagrees with Petitioner's contention. The Ninth Circuit has not applied *Pincay* or *Pioneer* to toll the AEDPA's statute of limitations, and as noted above, Petitioner concedes that point in his objections. (*Id*. at 11.) Consequently, the court concludes that reasonable jurists would not find the court's determination that the petition is untimely to be debatable or wrong. Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on August 26, 2024 (Doc. No. 18) are ADOPTED in full;

2. Respondents' motion to dismiss (Doc. No. 7) is GRANTED;

3. The petition for writ of habeas corpus (Doc. No. 1) is dismissed as untimely;

4. The court declines to issue a  certificate of appealability; and

/////

/////

/////

/////

3

5.       The Clerk of the Court is directed to close this case.


IT IS SO ORDERED.

Dated:    **February 9, 2026**

_____
Dena Coggins
United States District Judge